UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON SHELLARD,

                              Petitioner,

     v.

                                               05-cr-101

UNITED STATES OF AMERICA,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       On November 27, 2006, Petitioner Jason Shellard pled guilty to Conspiracy to Possess with Intent to Distribute and Distribution of Cocaine, in violation of 21 U.S.C. § § 846, 841(b)(1)(B) and 851(b).  Petitioner admitted his prior drug felony conviction, Conspiracy in the Fourth Degree to commit the offense of Criminal Sale of a Controlled Substance in the Third Degree, in violation of New York Penal Laws § § 105.10(1) and 220.39.  Petitioner now moves pursuant to 28 U.S.C. § 2255, seeking to vacate his 57-month sentence issued on April 17, 2007.

       Petitioner argues that: (1) the prior state conviction used to enhance his federal sentence was unconstitutional; (2) that his counsel failed to investigate the unconstitutionality of his prior conviction; (3) the Court should apply Booker and its progeny retroactively; and (4) his prosecution was "diverted" from state to federal court, subjecting him to harsher penalties.

**I. PRIOR STATE CONVICTION**

Petitioner first claim is that the state-court conviction used to enhance his federal sentence was unconstitutional. Defendant may not collaterally attack a prior state felony conviction during a federal sentencing hearing unless the defendant was deprived of counsel in the state-court proceedings. United States v. Custis, 511 U.S. 485, 496-97 (1994). Thus, Defendant may not collaterally attack the state conviction for the purposes of determining the applicable Guidelines sentence and/or any statutory scheme for sentence enhancements. United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994), cert. denied 115 S.Ct. 377 (1994).

**II. INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner also claims that his counsel was ineffective in not rasing the claim discussed above. A petitioner who claims ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prove prejudice" by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 693-94 (1984). Defense counsel did not act unreasonably in failing to make an argument that, as discussed above, was without merit. Moreover, even if defense counsel did make such an argument, for the reasons discussed, Petitioner is unable to demonstrate prejudice.

## III. CHANGES IN SENTENCING LAW

Petitioner next claims that the Court should retroactively apply United States v. Booker and its progeny.  See 543 U.S. 220 (2005); see also Rita v. United States, 127 S.Ct. 2456 (2007); Cunningham v. California, 549 U.S. 270 (2007).  Petitioner argues that the Court did not have the benefit of these three decisions at the time of his sentencing on April 17, 2007.

It is well-settled that Booker does not apply retroactively.  Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005).  The Supreme Court decided Rita on June 21, 2007.  This is the only one of the three cases cited by Petitioner that was decided after Petitioner's sentencing.  Rita, and the others cited by Petitioner, are not relevant to his sentence.  Petitioner was subject to a statutory minimum term of imprisonment.  Looking to the Guidelines calculation, Petitioner's base offense level was 30 (U.S.S.G. 2D1.1(c)(5)) and his four Criminal History Points put him in Criminal History Category III.  See Petitioner's Sentencing Memorandum, at 2-4 (March 24, 2007).  Under the Guidelines, the Court could have sentenced Petitioner to 135 to 168 months imprisonment.  However, the Court granted the motions for downward departure and sentenced Petitioner well below the new Guidelines range.  Therefore, the cases cited by Petitioner are irrelevant to his sentence.

## IV. FEDERAL VS. STATE PROSECUTION

Finally, Petitioner argues that the "Project Safe Neighborhoods" and/or "Weed and Seed" Programs "diverted" his prosecution from state to federal court, subjecting Petitioner to harsher penalties.  In essence, Petitioner is making a due

process claim because of allegedly harsher federal Sentencing Guidelines than state court rules.

The U.S. Department of Justice (DOJ) administers both of the above-referenced programs.  See www.psn.gov; www.ojp.usdoj.gov/ccdo/ws/welcome.html.  The United States Attorney has exclusive discretionary authority over whether to file a charge in federal court.  United States v. Davis, 906 F.2d 829, 834 (2d Cir. 1990).  Due process is not violated unless Petitioner can show that a "decision to drop state charges and initiate federal prosecution is based on suspect characteristics of the defendant or is otherwise done in bad faith."  United States v. Melendez, 60 F.3d 41, 50 (2d Cir. 1995) (citations omitted).  Here, Petitioner has not alleged any facts or made any showing that the U.S. Attorney's decision to prosecute was based any "suspect characteristics" or was in bad faith.  Further, the Government claims that no state charges were ever contemplated.  See Government's Response to Petitioner's Motion to Vacate, at 2 (May 19, 2008).

**V. CONCLUSION**

For the foregoing reasons, the petition is **DENIED**.

IT IS SO ORDERED.

Dated: August 7, 2008

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge